| | |
|---|---|
| LARVESTER J. JOHNSON, JR., Plaintiff, v. R. RECORDER, et al., Defendants. | Case No. 18-cv-00366-WHO (PR) **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** Dkt. No. 15 |

**INTRODUCTION**

Plaintiff Larvester Johnson alleges that his jailors at San Mateo County's Maguire Correctional Facility violated his First, Eighth, and Fourteenth Amendment rights. Defendants move to dismiss the complaint under Rule 12(b)(6) for failure to state a claim. The motion will be GRANTED in part and DENIED in part. If Johnson wishes to file an amended complaint, he must do so on or before **March 1, 2019**.

**DISCUSSION**

**A.  Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is appropriate also when pleadings show a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory," *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted), or when an affirmative defense is premised on facts alleged in the complaint, *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1994).

**B.  Legal Claims**

Johnson alleges that his jailors at Maguire Correctional Facility violated his First, Fourteenth, and Eighth Amendment rights.

#### i. First Amendment

Johnson alleges that his jailors violated his First Amendment right to send and receive mail when they confiscated stamps and envelopes his girlfriend sent him. (Compl., Dkt. No. 1 at 3; Am. Compl., Dkt. No. 3 at 3-4.) He admits, however, that he is allowed to purchase stamps and envelopes from the commissary. (Compl. at 6.)

This does not state a First Amendment claim. To be sure, a prisoner has a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). However, there is no allegation that the confiscation in any way prevented Johnson from sending or receiving any mail. Furthermore, he is able to obtain stamps and envelopes through other means.

The First Amendment claim is DISMISSED with prejudice. Johnson may not raise this claim in his amended complaint.

#### ii. Fourteenth Amendment

Johnson alleges that his jailors violated his due process rights by (a) using excessive force on him; (b) making him wear a suicide-prevention outfit ("Ferguson gown"); and (c) placing him in administrative segregation.

##### a. Excessive Force

Johnson's alleges that defendant Costa told deputy sheriffs to use "unreasonable force" when they removed plaintiff's clothing. (Am. Compl., Dkt. No. 3 at 4.) He does not describe which defendant took which action or how these actions constituted excessive force. These allegations will be dismissed as conclusory, with leave to amend.

Johnson should pay close attention to the following if he amends. A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation is individualized and focuses on the duties and responsibilities of each individual defendant whose acts or

2

omissions are alleged to have caused a constitutional deprivation. *Id.*

### b. Suicide-Prevention Gown

Johnson alleges that defendants placed him in a Ferguson gown as retaliation for exercising his First Amendment right to file grievances against his jailors. (Am. Compl., Dkt. No. 3 at 3-4.) He states that while he was writing a grievance, defendants seized and stripped him, and thereafter made him wear a Ferguson gown. (*Id.*) According to Johnson, these acts violated his First Amendment and due process rights. (*Id.*)

The First Amendment claim is dismissed with leave to amend. Retaliation is not established simply by showing adverse activity by defendant after protected speech; rather, plaintiff must show a nexus between the two. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this"). A temporal connection alone is insufficient. In his amended complaint, Johnson must allege facts showing a causal connection between the two.

His due process claim will also be dismissed with leave to amend. A court presented with a procedural due process claim by a pretrial detainee should first ask if the alleged deprivation amounts to punishment and therefore implicates the Due Process Clause itself; if so, the court then must determine what process is due. *See, e.g., Bell v. Wolfish*, 441 U.S. 520, 537-38 (1979). Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-169 (1963). Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." *Id.*

Johnson's allegations do not state a plausible claim that making him wear the gown was punishment. There is no expressed intent by defendants to punish him and there is an appropriate alternative purpose for the gown — to prevent self-harm. Because Johnson

3

has not alleged facts plausibly establishing that the gown was punishment, his due process claim is without basis. Johnson has failed to show "more than a sheer possibility that [ ] defendants ha[ve] acted unlawfully." *Iqbal*, 129 U.S. at 1949. This claim is DISMISSED with leave to amend.

### c. Placement in Administrative Segregation

Johnson alleges that his placement in administrative segregation violated his right to due process as there was no hearing prior to placement. (Am. Compl., Dkt. No. 3 at 4-5.) (Plaintiff calls it solitary confinement, but it appears that it was in fact administrative segregation.) He alleges that he was placed there as punishment for a disciplinary infraction. (*Id.*)

Plaintiff has stated a claim under due process. Disciplinary segregation as punishment for violation of jail rules and regulations cannot be imposed without due process, i.e., without the procedural requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Mitchell v. Dupnik*, 75 F.3d 517, 523-26 (9th Cir. 1996). Plaintiff may simply reallege this claim in his amended complaint.

Defendants' motion to dismiss this claim is DENIED.

### iii. Eighth Amendment

Johnson alleges defendants violated his Eighth Amendment rights. This claim will be dismissed because as a pretrial detainee plaintiff was not protected under the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (a pretrial detainee is protected under the Due Process Clause, not under the Eighth Amendment). Accordingly, the Eighth Amendment claims are DISMISSED with prejudice.

## CONCLUSION

Defendants' motion to dismiss is GRANTED in part and DENIED in part. (Dkt. No. 15.) The First Amendment claim regarding the confiscation of stamps and envelopes is DISMISSED with prejudice. The Eighth Amendment claim is also DISMISSED with prejudice.

4

1   Johnson's due process claims regarding excessive force and placement in a
2   Ferguson gown are DISMISSED with leave to amend.  His claim that his placement in the
3   gown violated his First Amendment rights is also DISMISSED with leave to amend.  His
4   claim that he was placed in administrative segregation in violation of due process remains
5   viable.  This surviving claim need only be repeated in an amended complaint if Johnson
6   chooses to file one.

7   If Johnson chooses to file an amended complaint, it must be filed on or before
8   **March 1, 2019.**  The amended complaint must include the caption and civil case number
9   used in this order (18-00366 WHO (PR)) and the words SECOND AMENDED
10  COMPLAINT on the first page.  Because an amended complaint completely replaces the
11  previous complaints, plaintiff must include in his first amended complaint all the claims he
12  wishes to present and all of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963
13  F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the prior
14  complaint by reference.  **Failure to file an amended complaint in accordance with this**
15  **order will result in dismissal of all of the claims in the complaint except the due**
16  **process claim concerning his placement in administrative segregation.**

17  Defendants' deadline to respond to the current complaint is **April 1, 2019**.  If
18  Johnson files an amended complaint, defendants' deadline to respond is **May 31, 2019**.

19  Johnson's motion for an order to show cause, which the Court construes as a motion
20  to deny defendants' motion to dismiss, is DENIED.  (Dkt. No. 24.)

21  The Clerk shall terminate all pending motions.

22  **IT IS SO ORDERED.**

23  **Dated:**  January 25, 2019

WILLIAM H. ORRICK
United States District Judge