UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARVESTER J. JOHNSON, JR., <br> Plaintiff, <br> v. <br> R. RECORDER, et al., <br> Defendants. | Case No. 18-cv-00366-WHO <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> Re: Dkt. No. 33 |

**INTRODUCTION**

Plaintiff Larvester Johnson alleges in this 42 U.S.C. § 1983 suit that his jailors at Maguire Correctional Facility violated his Fourteenth Amendment rights by placing him in administrative segregation without due process. Defendants Rachel Recoder, a Sheriff's Correctional Officer, and Julie Costa, a Sheriff's Sergeant, move for summary judgment and have presented supporting evidence. The motion is unopposed. Johnson has not filed an opposition and never asked to extend the filing deadline. Because the undisputed material facts show that Johnson's placement in administrative segregation was constitutional, defendants' motion for summary judgment is GRANTED.

**DISCUSSION**

I.  **Background**

The following factual allegations are undisputed, unless specifically noted otherwise. On July 11, 2017, Johnson was a pretrial detainee at Maguire Correctional Facility. On that day Johnson was upset because Recoder identified his stamps and envelopes as contraband and admits that he became confrontational with Recoder. (Am. Compl., Dkt. No. 3 at 3-4.) As Recoder and her partner conducted an inspection of Johnson's housing unit, Johnson began yelling obscenities at them through his door. (Mot. for Summ. J. (MSJ), Costa Decl., Dkt. No. 33-2 at 15-16.)

A dispute between Johnson and the other inmates in the housing unit broke out. (*Id*.) The other inmates began yelling back at Johnson, calling him derogatory names and demanding that he be removed from the housing unit. (*Id*.) Johnson responded by threatening to fight the other inmates. (*Id*.) Facility staff escorted Johnson from the housing unit and placed him in a holding cell. (*Id*.) Recoder reported the disruption to the Classification Unit but did not accompany Johnson to the holding cell. (MSJ, Recoder Decl., Dkt. No. 33-3 at 2.) Recoder had no authority place Johnson in administrative segregation; her authority was limited to reporting him to the Classification Unit. (*Id*.)

Once placed in the holding cell, Johnson flooded the cell and threw wads of toilet paper onto the windows. (MSJ, Costa Decl., Dkt. No. 33-2 at 11.) He was then placed on administrative segregation status and moved to the administrative segregation housing unit. (*Id*.) Later that evening, Johnson received a disciplinary write-up for violation of jail rules, resulting in the loss of two weeks of commissary privileges. (*Id*. at 15-16.)

II. **Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine dispute of material fact. *Celotex Corp.v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine dispute of material fact, the moving party wins. *Id.*

The court is concerned only with disputes over material facts and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id*. If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323 (internal quotation marks omitted).

### III. Claims

Recoder moves for summary judgment on the grounds that she could not have placed Johnson in administrative segregation because she lacks any such authority. Costa moves for summary judgment because she placed Johnson in administrative segregation to maintain order, safety and security. Because the placement was not for disciplinary reasons, Johnson was not entitled to a formal hearing procedure. Additionally, both defendants claim qualified immunity.

Johnson failed to oppose the motion for summary judgment.[1] That does not end the matter because a district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *See Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 &

---

[1] A verified complaint may be used as an opposing affidavit under Fed. R. Civ. P. 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn. 10-11 (9th Cir. 1995). Here, Johnson's amended complaint, which is the operative pleading, was not signed under penalty of perjury and is not evidence; I will not consider it in this order. Johnson's original complaint, however, was signed under penalty of perjury and therefore is considered as evidence for purposes of deciding the motion.

n.4 (9th Cir. 1994) (an unopposed motion may be granted only after the court determines that there are no material issues of fact). This is so even if the failure to oppose violates a local rule. *See Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003). The Court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See United States v. Real Property at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) (local rule cannot mandate automatic entry of judgment for moving party without consideration of whether motion and supporting papers satisfy Fed. R. Civ. P. 56), rev'd on other grounds sub nom. *Degen v. United State*s, 517 U.S. 820 (1996); *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (same).

### A.  Recoder

The undisputed evidence shows that Recoder called the Classification Unit to report Johnson's behavior and recommended to correctional officer Carlos Oropeza that Johnson be removed from his housing unit to maintain order and safety. (MSJ, Recoder Decl., Dkt. No. 33-3 at 2.) She did not place him in administrative segregation; she lacked the authority to do so. (*Id*.) Accordingly, Recoder is entitled to summary judgment in her favor.

### B.  Costa

Johnson claims that he was denied due process because he was placed in administrative segregation without receiving written notice of the charges against him and an adversarial hearing.

A court presented with a procedural due process claim by a pretrial detainee should first ask if the alleged deprivation amounts to punishment and therefore implicates the Due Process Clause itself; if so, the court then must determine what process is due. *See Bell v. Wolfish*, 441 U.S. 520, 535-38 (1979). Disciplinary segregation as punishment for violation of jail rules and regulations cannot be imposed without due process. *See Mitchell v. Dupnik*, 75 F.3d 517, 523-26 (9th Cir. 1996). Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable [to it]." *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69 (1963). Thus, if a particular condition or restriction of pretrial detention is

reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." *Bell*, 441 U.S. at 539. In addressing a § 1983 claim brought by a pretrial detainee, "courts must defer to the judgment of correction officials unless the record contains substantial evidence showing their policies are an unnecessary or unjustified response to problems of jail security." *Florence v. Bd. of Chosen Freeholders of County of Burlington*, 566 U.S. 318, 322-23 (2012).

Johnson's allegation that he was placed in administrative segregation without receiving written notice of the charges against him and an adversarial hearing does not make out a procedural due process claim against Costa. The undisputed evidence shows that Costa approved Johnson's placement in administrative segregation to maintain jail order and security, not as punishment. (MSJ, Costa Decl., Dkt. No. 33-2 at 2.) If Johnson had not threatened other inmates, he could have been placed in a different general population housing unit rather than in administrative segregation. (*Id.*) An administrative segregation report was filled out giving the reasons for Johnson's placement; it is jail policy that an inmate be given a copy of his report. (*Id.* at 6; Oropeza Decl., Dkt. No. 33-1 at 2.) Johnson could also have expressed his views on the matter through the jail grievance procedure, as he did concerning the identification of his stamps and envelopes as contraband. (MSJ, Costa Decl., Dkt. No. 33-2 at 8.) Additionally, Costa was responsible only for Johnson's initial placement in administrative segregation and not his retention. (*Id.* at 3.)

Further, in placing Johnson in administrative segregation to maintain order, safety, and security, Costa was following jail policy that inmates may be placed in administrative segregation for such reasons, but not for punishment or discipline. (MSJ, Costa Decl. Dkt. 33-2 at 2; Oropeza Decl. at 10-11). There is no evidence in the record showing that the jail policies are unnecessary or unjustified. Accordingly, Costa is entitled to summary judgment in her favor.

**IV.     Qualified Immunity**

The evidence presented by defendants also supports their claim that they are entitled to qualified immunity. A court considering a claim of qualified immunity must determine whether the plaintiff has alleged the deprivation of an actual constitutional right and whether such right

was clearly established such that it would be clear to a reasonable officer that her conduct was unlawful in the situation she confronted. *See Pearson v. Callahan*, 555 U.S. 223, 232, 236 (2009) (overruling the sequence of the two-part test set forth in *Saucier v. Katz*, 533 U.S. 194 (2001) that required determination of a deprivation first and then whether such right was clearly established.) "An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in [her] shoes would have understood that [she] was violating it, meaning that existing precedent . . . placed the statutory or constitutional question beyond debate." *City and County of San Francisco, Cal. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) (alteration and omission in original; citation omitted). "[U]nder either prong, courts may not resolve genuine disputes of fact in favor of the party seeking summary judgment," and must, as in other cases, view the evidence in the light most favorable to the non-movant. *See Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014).

Defendants are entitled to qualified immunity because their conduct did not violate Johnson's right to due process. Recoder did not place Johnson in administrative segregation because she lacked the authority to order such placement. Costa placed Johnson in administrative segregation not as punishment for his disruptive behavior and threats but to maintain order and security. Per jail policy, Johnson was given a copy of his administrative segregation report noting the reasons for his placement in administrative segregation and was able to utilize the jail grievance procedure to express any disagreement with his placement.

Moreover, even if there was a triable issue whether Johnson's placement in administrative segregation violated his right to due process, defendants are entitled to qualified immunity because it cannot be said that any reasonable officer would have understood that by following jail policies and procedures for placement in non-disciplinary administrative segregation she was violating Johnson's due process rights. *See Sheehan*, 135 S. Ct. at 1774. It is not clearly established that pretrial detainees have the right to a specific process such as a formal adversarial hearing in order to be placed in non-disciplinary administrative segregation. As defendants point out, a case in the Northern District with very similar facts, *Stevenson v. Jones*, 254 F.Supp.3d 1080 (N.D. Cal. 2017), was decided shortly before the events at issue in the present case, and qualified immunity

was granted. The court in *Stevenson* analyzed a pretrial detainee's due process claim involving his placement in administrative segregation in a county jail and held that the defendant deputy "met his summary judgment burden of presenting evidence that he did not place [the plaintiff] in administrative segregation to punish him and instead did so to maintain order in the jail's general population because [the plaintiff] was disrupting the orderly operation of the housing unit." *Id*. at 1093. The court held that the plaintiff's due process rights were not violated and granted the defendant qualified immunity because "[i]t cannot be said that any reasonable official in his shoes would have understood that he was violating [plaintiff's] due process rights in placing him [in administrative segregation]." *Id*. at 1095 (internal citation and quotation marks omitted). Such is the case here, where defendants are entitled to qualified immunity because they have met their summary judgment burden of presenting evidence that they did not violate Johnson's due process rights and it cannot be said that any reasonable officials in their shoes would have understood that by their conduct they were violating Johnson's due process rights.

In sum, the movants' papers are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. Accordingly, defendants' motion for summary judgment is GRANTED.

## CONCLUSION

Defendants' motion for summary judgment is GRANTED. (Dkt. No. 33.)

The Clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

**Dated:** April 8, 2020

WILLIAM H. ORRICK
United States District Judge